IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY GROSS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PFIZER, INC., *et. al*,<br><br>　　　　Defendants. | Civil Action No. 10-CV-00110-AW |

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff Shirley Gross' motion to alter or amend the Court's entry of final judgment in favor of brand-name-manufacturer Defendants, Doc. No. 74, and Plaintiff's motion to lift stay, Doc. No. 76. The Court has reviewed the motions and all supporting documents and finds no hearing is necessary. *See* MD. LOC. R. 105.6 (D. Md. 2010). For the reasons articulated below, the Court DENIES Plaintiff's motion to alter or amend judgment and GRANTS-IN-PART Plaintiff's motion to lift stay for the limited purpose of allowing Plaintiff and Defendant Pliva to brief the Court on the impact of the *Mensing* decision.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken from the Court's prior Memorandum Opinion with changes as necessary to reflect the current motions pending before the Court. Plaintiff filed this action as a result of injuries she suffered from ingesting the prescription drug metoclopramide. Plaintiff stipulates that the drugs she consumed are a generic form of metoclopramide manufactured by

Defendant Pliva USA, Inc. ("Pliva"), and that she has not ingested any metoclopramide product manufactured by Defendants Pfizer, Wyeth or Schwarz. *See* Doc. No. 54. Plaintiff nonetheless filed suit against the latter three on theories of negligence, breach of warranty, strict product liability, and misrepresentation. Defendants argued that summary judgment should be granted in their favor on all claims because Maryland law only allows drug defect claims to proceed against the manufacturer whose drug caused the injury. *See* Doc. No. 56. On November 9, 2010, the Court granted Defendants summary judgment on that basis. Doc. No. 63. Defendants then moved for entry of final judgment, Doc. No. 65, which the Court granted on April 4, 2011, Doc. No. 73. Plaintiff did not oppose Defendants' motion for entry of final judgment at that time. Plaintiff now moves for reconsideration of the Court's entry of judgment under Federal Rule 59(e). Doc. No. 74. Defendants filed a responsive brief opposing Plaintiff's motion on May 5, 2011. Doc. No. 75. Plaintiff did not file a reply, and the time period allotted for Plaintiff's reply has expired. Thus, the motion is now ripe for review.

Additionally, Plaintiff moves to lift the stay issued by the Court on April 7, 2011, which stayed further activity in this case pending the Supreme Court's decision in *Pliva, Inc. v. Mensing*. The Court granted Defendant Pliva's motion to stay on the grounds that the opinion of the Supreme Court may require dismissal of the claims against Pliva and would provide guidance as to the nature of any surviving claims. The Supreme Court has since issued its opinion. *See* 131 S.Ct. 2567 (2011). Defendant Pliva does not oppose reopening the case but requests that the Court continue a partial stay of all discovery and trial deadlines and set a briefing schedule regarding the impact of the *Mensing* decision on the viability of Plaintiff's claims against Pliva. Plaintiff does not oppose continuing a partial stay of discovery at this time. Doc. No. 78.

## II. STANDARD OF REVIEW

Under Rule 59(e), a Court can amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Reconsideration is, however, an extraordinary remedy. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## III. ANALYSIS

### A. Plaintiff's Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's order entering final judgment against brand-name Defendants,[1] contending that recent developments cast doubt on the basis upon which summary judgment was granted to Defendants, and that new case law offers additional support for Plaintiff's arguments against dismissal of the claims against Defendants. Plaintiff's arguments rely largely upon conjecture about possible outcomes of the Supreme Court's decision in *Mensing*. Because the Supreme Court has since issued its judgment in that case, *see* 131 S.Ct. 2567 (2011), the Court will analyze Plaintiff's arguments in light of this subsequent development.

Primarily, Plaintiff contends that the Supreme Court's then-upcoming decision in *Mensing* could call into question the Fourth Circuit's holding in *Foster v. American Home Products Corp*. This Court looked to *Foster*, a case strikingly similar to the case at bar, in granting Defendants' motion for summary judgment. *See Foster*, 29 F.3d 165 (4th Cir. 1994). *Foster* held that, in drug-defect cases, Maryland law only permits plaintiffs to pursue claims

---

[1] Throughout this section, "Defendants" refers to the brand-name-manufacturer Defendants Pfizer, Wyeth, and Schwarz.

against the manufacturer of the drug that caused their injury. *Id.* at 167. Because Plaintiff stipulates that she was not injured by Defendants' drugs but rather by a generic drug, the Court found summary judgment in favor of Defendants to be proper under *Foster*. Plaintiff contends that the Supreme Court's decision in *Mensing* could compromise the central underpinnings of the Fourth Circuit's decision in *Foster*. In *Mensing*, the Supreme Court reviewed whether state failure-to-warn claims against generic manufacturers are preempted by federal law. Plaintiff contends that the precedential value of *Foster* would be thrown into question if the Supreme Court determined in *Mensing* that generic manufacturers are in fact shielded from liability for injuries caused by their drugs. *See* Doc. No. 74 Ex. 1 at 5. Accordingly, Plaintiff contends that entry of final judgment in favor of Defendants was improper.

However, the Supreme Court's opinion in *Mensing* in fact gave this Court no reason to reconsider its entry of final judgment in favor of Defendants. In *Mensing*, the Supreme Court held that federal law pre-empted Louisiana and Minnesota state laws that imposed a duty on generic drug manufacturers to change a drug's label. The Supreme Court's holding in *Mensing* neither created nor abrogated any duty under Maryland law with regard to brand-name-manufacturers like Defendants. Accordingly, the holding in *Mensing* does not disturb the grounds upon which this Court granted entry of final judgment in favor of Defendants. Accordingly, Plaintiff's motion for reconsideration is denied.

### B. Plaintiff's Motion to Lift Stay

On April 7, 2011, the Court granted Defendant Pliva's motion to stay proceedings pending the Supreme Court's decision in *Mensing*. The Court granted Pliva's motion on the grounds that the opinion of the Supreme Court may require dismissal of the claims against Pliva

and would provide guidance as to the nature of any surviving claims. After the Supreme Court issued its decision, Plaintiff moved to lift the stay and requested the Court to hold a scheduling conference in order to set a trial date and establish other deadlines as necessary. Doc. No. 76. Pliva requested that the Court continue a partial stay of all discovery and trial deadlines, Doc. No. 77, which Plaintiff does not oppose, Doc. No. 78. The Court finds that reopening the case is proper given the issuance of the Supreme Court's opinion in *Mensing*. However, in the interests of judicial economy, the Court will continue to stay discovery pending briefing by the parties regarding the dispositive impact of the *Mensing* decision.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration under Federal Rule 59(e) is DENIED. However, Plaintiff's motion to lift stay is GRANTED-IN-PART, meaning that the Court will reopen the case for the limited purpose of allowing Plaintiff and Defendant Pliva to brief the Court on the impact of the Supreme Court's decision in *Pliva, Inc. v. Mensing*. A separate order will follow.

September 7, 2011                                          /s/
       Date                                                        Alexander Williams, Jr.
                                                                          United States District Judge